UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMMY L. F.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations<br><br>　　　　　　　Defendant. | Case No. 3:18-cv-05090-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JANUARY 18, 2019 |

Plaintiff appeals the Commissioner's denial of her applications for disability insurance and supplement security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set forth below, the Court should reverse the Commissioner's decision and remand this matter for further administrative proceedings.

PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance and SSI benefits in November 2014. Dkt. 8, Administrative Record (AR) 11. She alleges she became disabled as of March 1, 2013. *Id.* The Commissioner denied her applications on initial administrative review and on reconsideration.

REPORT AND RECOMMENDATION - 1

*Id.* Following a hearing, an administrative law judge (ALJ) determined that jobs existed in significant numbers in the national economy plaintiff could do and therefore that she was not disabled. AR 11-24. Plaintiff appeals that decision, seeking reversal and remand for further administrative proceedings.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless it is: (1) based on legal error; or (2) not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "more than a mere scintilla," though "less than a preponderance" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576).

The ALJ is responsible for determining credibility, and for resolving any conflicts or ambiguities in the record. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Trevizo*, 871 F.3d at 674-75. That is, where the evidence is sufficient to support more than one outcome, the Court uphold the decision the ALJ made. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court, however, may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Garrison*, 759 F.3d at 1009. The Court may

REPORT AND RECOMMENDATION - 2

not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* at 1010. Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## ISSUES FOR REVEW

1. Whether the jobs of Call Out Operator and Document Specialist identified by the vocational expert as jobs plaintiff could perform exceed the residual functional capacity the ALJ assessed?

2. Whether the job of Addressing Clerk also identified by the vocational expert exists in sufficient numbers in the national economy to meet the Commissioner's burden of proof at Step Five of the sequential disability evaluation process?

## DISCUSSION

The Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. At step five of that process, the ALJ assesses the claimant's residual functional capacity (RFC) to determine whether he or she can make an adjustment to other work. *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013). It is the ALJ's burden to show the claimant can perform jobs that exist "in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); 20 C.F.R. § 404.1520(e), § 416.920(e).

1. *The Reasoning Level Requirement for the Jobs of Call Out Operator and Document Specialist Exceed Plaintiff's RFC*

The ALJ determined that plaintiff had the RFC to perform simple, routine work. AR 16. Plaintiff argues the jobs of Call Out Operator and Document Specialist that the vocational expert identified as jobs she could perform, require a level of reasoning exceeding that which the ALJ's RFC assessment allows, and therefore the ALJ erred in finding she could perform those jobs at step five of the sequential disability evaluation process. AR 16, 23, 54.

REPORT AND RECOMMENDATION - 3

According to the Dictionary of Occupational Titles (DOT), both jobs require Level 3 reasoning, which is defined as:

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

DOT 237.367-014, 1991 WL 672186; DOT 249.587-018, 1991 WL 672349; DOT, Appendix C, 1991 WL 688702 (2016). The Ninth Circuit has found a limitation to simple, routine work is not in line with the requirements of Level 3 reasoning. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015). Defendant concedes that under *Zavalin*, the ALJ erred in finding plaintiff could perform either of the above two jobs. Accordingly, this aspect of the ALJ's step five determination was in error and should be reversed.

   2. *The ALJ Erred in Finding the Job of Addressing Clerk Exists in Significant Numbers in the National Economy*

While it is the ALJ's burden at step five to establish a significant number of jobs exist – within the types of jobs the plaintiff has the ability to perform – the Ninth Circuit has "never set out a bright line rule" as to what is a "significant number." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). This determination may be based either on "regional jobs (the region where a claimant resides)" or jobs that exist "in several regions of the country (national jobs)." *Id.* (citing 42 U.S.C. § 423(d)(2)(A)); *Lemauga v. Berryhill*, 686 Fed. Appx. 420, 421 (9th Cir. 2017) ("If either number is deemed significant, then the ALJ's decision must be upheld.").

The number of "national jobs" cannot be viewed "as a stand-alone figure," but instead must be considered in light of the fact that the number "represents jobs across 'several regions.'" *Beltran*, 700 F.3d at 390 (finding that while 1,680 national jobs standing alone might appear to be significant, distributing that number "between several regions across the nation shows that is not 'significant' after all"). Further, an ALJ errs in finding a significant number of national jobs

REPORT AND RECOMMENDATION - 4

exist, where those jobs are "very rare" or are "generally unavailable" to the claimant due to his or her limitations. *Beltran*, 700 F.3d at 389; *Gutierrez v. Comm. of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (isolated jobs existing in only very limited numbers in relatively few locations outside of the region where the claimant lives are not a significant number).

In determining what constitutes a significant number, the Court may compare the number of jobs to what courts have found in other cases. *Beltran*, 700 F.3d at 389. In *Beltran*, the Ninth Circuit found 1,680 jobs spread across several regions to be insignificant. *Id.* at 390-91. In *Gutierrez*, the Ninth Circuit found that while the ALJ's determination that 25,000 national jobs was sufficient presented "a close call," that number nevertheless met the statutory standard. 740 F.3d at 528-29.

In this case, a vocational expert testified at the hearing held before the ALJ that 11,084 Addressing Clerk jobs existed nationally, which the ALJ found to be a significant number. AR 23, 54. Plaintiff argues this does not constitute a significant number of jobs in light of the Ninth Circuit's description of the ALJ's finding of 25,000 national jobs in *Gutierrez* as presenting "a close call."

In determining whether 25,000 national jobs constituted a significant number of jobs, the Ninth Circuit compared that number to other cases in which it had found 64,000, 125,000, and 622,000 nationwide jobs respectively to be significant. *Gutierrez*, 740 F.3d at 529. The Ninth Circuit also contrasted those numbers with its decision in *Beltran* finding 1,680 national jobs to be insufficient. *Id.* The Ninth Circuit pointed as well to an Eighth Circuit decision finding that 10,000 nationwide jobs were significant. *Id.* (citing *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1987)).

The Ninth Circuit did not state it necessarily disagreed with the decision in *Johnson*, but

REPORT AND RECOMMENDATION - 5

its characterization of the ALJ's determination in *Gutierrez* that 25,000 national jobs is sufficient as being a "close call" cannot be ignored. The Ninth Circuit has not found a number closer to 10,000 jobs to constitute a significant number of jobs nationally. *See Sovan v. Berryhill*, 2017 WL 4216493, at *4 (W.D. Wash. Sept. 22, 2017) (declining to find 10,000 national call-out operator jobs significant) (citing *Lemauga v. Berryhill*, 686 Fed. Appx. 420, 422 (9th Cir. 2017)). The Ninth Circuit may find an even higher number of national jobs to be insufficient. *See Lemauga*, 686 Fed. Appx. at 422 (pointing out the government's decision not to argue 12,600 national jobs represented a significant number, noting further that it had "never found a similar number to be significant").

Where the number of national jobs found is less than 25,000, the district courts have come to divergent opinions. *Montalbo v. Colvin*, 231 F.Supp.3d 846, 863 (D. Haw. 2017) (citing: *Baker v. Comm'r of Soc. Sec.*, 2014 WL 3615497, at *8 (E.D. Cal. July 21, 2014) (14,500 insignificant); *Valencia v. Astrue*, 2013 WL 1209353, at *18 (N.D. Cal. Mar. 25, 2013) (14,082 insignificant); *Aguilar v. Colvin*, 2016 WL 3660296, *3 (C.D. Cal. July 8, 2016) (11,850 significant); *Evans v. Colvin*, 2014 WL 3845046, at *2-*3 (C.D. Cal. Aug. 4, 2014) (6,200 significant)); *see also Sellimovic v. Colvin*, 2014 WL 4662251, at *10 (D. Ariz. Sept. 18, 2014) (13,110 positions insignificant).

In *Montalbo*, the Court found the ALJ did not err in determining that 12,300 national jobs were sufficient, since that number fell "squarely within the ranges of the foregoing cases," and given "the discretion afforded to the ALJ n determining whether the number of jobs available is significant." 231 F.Supp.3d at 863. The 11,084 national jobs identified in this case are less than that at issue in *Montalbo*, yet still squarely within the ranges of the foregoing cases. Nevertheless, while recognizing the discretion afforded the ALJ here, the undersigned finds the

REPORT AND RECOMMENDATION - 6

1  ALJ failed to meet his burden of proof.

2  As the Court in *Sovan* noted, where district courts have found similar numbers of national jobs to be significant, generally "they have done so when considered in conjunction with regional numbers." 2017 WL 4216493, at *5 (citing: *Aguilar v. Colvin*, 2016 U.S. Dist. LEXIS 88998, at *9-10 (C.D. Cal. July 8, 2016) (11,850 jobs nationally and 1,080 jobs regionally); *De Rivera v. Colvin*, 2016 WL 2982183, at *3 (C.D. Cal. May 23, 2016) (5,000 jobs nationally and 500 jobs regionally); *Evans v. Colvin*, 2014 WL 3845046, at *1-3 (C.D. Cal. Aug. 4, 2014) (6,200 jobs nationally and 600 jobs regionally); *Peck v. Colvin*, 2013 WL 3121280, at *5 (C.D. Cal. June 19, 2013) (14,000 jobs nationally and 1,400 jobs regionally); *Hoffman v. Astrue*, 2010 WL 1138340, at *14-16, (W.D. Wash. Feb. 8, 2010) (9,000 jobs nationally and 150 jobs regionally)); *see also Johnson*, 108 F.3d at 180 (10,000 jobs nationally and 200 jobs statewide).

Here, the vocational expert offered no testimony concerning the number of Addressing Clerk jobs regionally, nor did the ALJ inquire as to such. AR 50-56. Nor was any vocational expert testimony offered at the hearing concerning the 11,084 Addressing Clerk jobs spread across "several regions of the country." *Gutierrez*, 740 F.3d at 528; *Beltran*, 700 F.3d at 390. It remains unclear as to whether that number is significant, or whether only isolated jobs exist in other regions that are unreasonably far away from plaintiff's location. *See Gutierrez*, 740 F.3d at 529.

Accordingly, the ALJ's determination that significant numbers of Addressing Clerk jobs exist in the national economy is not supported by substantial evidence and therefore should not be upheld by the Court.

## REMAND FOR FURTHER PROCEEDINGS

Plaintiff seeks reversal and remand for further administrative proceedings. The decision

REPORT AND RECOMMENDATION - 7

whether to remand for additional evidence or for an award of benefits "is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ commits an error, and there is uncertainty and ambiguity in the record, and further proceedings can remedy the error, the Court should remand for that purpose, rather than to award benefits. *Leon v. Berryhill,* 880 F.3d 1041, 1045 (9th Cir. 2017); *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The ALJ erred in determining that plaintiff could perform the three jobs identified by the vocational expert. The ALJ erred because the jobs of Call Out Operator and Document Specialist that the vocational expert identified as jobs plaintiff could perform, require a level of reasoning exceeding that which the ALJ's RFC assessment allows. It remains unclear whether the number of Addressing Clerk jobs nationwide is significant, or whether only isolated jobs are available in very limited numbers in relatively few locations outside the region where plaintiff lives. Doubt remains as to whether the plaintiff is disabled, and therefore remand to the Commissioner for further consideration of the remaining issue is both proper and warranted.

## CONCLUSION

For the foregoing reasons, the undersigned recommends the Court REVERSE the ALJ's decision and REMAND this matter to the Commissioner for further administrative proceedings in accordance with the findings herein.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the above time limit, the Clerk shall set this matter for consideration on **January 18, 2019**, as noted in the caption.

Dated this 3rd day of January, 2019.

REPORT AND RECOMMENDATION - 8

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9